(1 App. Div. 514.)

## WALSH v. CAMPBELL.[1]

(Supreme Court, Appellate Division, First Department.    February 7, 1896.)

1. APPEAL--REVIEW—CONFLICTING TESTIMONY.
    A finding by a referee, on plaintiff's testimony, that plaintiff was enti-tled to recover on a quantum meruit for work done, will not be dis-turbed, though defendant's testimony that the same was to be done for a fixed price was supported by another witness.

2. SAME—PAYMENT ON ACCOUNT.
    In an action to recover on a building contract, defendant testified that he paid plaintiff $300 on account of work done, and $312 for taxes paid by plaintiff for defendant, and exhibited receipts from plaintiff to that effect.    Plaintiff's corroborated testimony was that defendant paid him $300 to pay said taxes, for which he erroneously executed said receipt for work done, and that defendant subsequently paid him $12 more, as the taxes amounted to $312, for which he executed said tax receipt for $312.    It appeared that plaintiff presented a bill from which said $300 was not deducted, and which was not disputed.    *Held*, that the referee's finding for plaintiff would not be disturbed.

8. SAME—COUNTERCLAIM FOR REPAIRS.
    Where there was testimony, in an action to recover on a building contract, that a house could not be built without more or less cracking

[1] Motion for reargument denied. See 37 N. Y. Supp. 746

of the walls, a referee's finding refusing to allow defendant for moneys paid for repairing such defects in plastering, which were not extraordinary and were not due to bad workmanship, will not be disturbed.

Appeal from judgment on report of referee.

Action by Patrick Walsh against James J. Campbell to recover on a contract for building a house, and for extra work done on the same, and to foreclose a mechanic's lien thereon. From an interlocutory judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

James P. Campbell, for appellant.
Jeroloman & Arrowsmith, for respondent.

O'BRIEN, J. The action (in form, to foreclose a mechanic's lien) is brought to recover on a contract for building a house, and for extra work done on the same. The plaintiff was the builder and contractor, the defendant the owner. The appellant has excepted to certain findings and conclusions of the referee affecting three items: (1) For "new tank on roof," which foots up to $141.71, appellant claiming that plaintiff agreed to do that work for $100, and that he was therefore overcharged $41.71; (2) a cash payment, on extra work, of $300; (3) amount of necessary outlay in repairing defective plastering, $189.69,—making the amount to be deducted from plaintiff's claim $531.40; leaving the net amount due plaintiff ($633.93—$531.40) $102.53. Upon conflicting evidence, the referee has decided all these disputed facts in the plaintiff's favor; and we might content ourselves by saying that an examination does not show any such preponderance of evidence upon any of these questions in defendant's favor as would justify our interfering with the conclusion of the referee.

Thus, as to the first of the disputed items, the charge for "new tank on roof" was for rebuilding one that had been burned. This, the defendant testified, the plaintiff agreed, prior to commencing work, to construct for $100; while the plaintiff claimed that no such agreement was made, although he did state, after he had commenced the work, in a conversation with the defendant, that it would be about that sum. Although defendant is supported by one witness, a janitor, who claims to have heard the conversation between the plaintiff and defendant at which the agreement was entered into, there was a clean-cut question of fact; and the referee having had the benefit, which we do not possess, of seeing the witnesses, and observing their demeanor, his conclusion that there was no agreement, and that the plaintiff should recover on a quantum meruit, should not be disturbed.

A similar criticism may be made upon the argument of the appellant as to the referee's finding respecting the cash payment of $300. It appears that the defendant had two receipts,—one for $300 "on act. contract for building, mason work, carpentry, &c.," and another one for $312 for taxes. The plaintiff's testimony is that, on the

evening of November 6, 1885, the defendant came to his house, and, in the presence of plaintiff's clerk, asked him if he would pay his (defendant's) taxes, which plaintiff agreed to do; that thereupon the defendant gave him $300, agreeing to pay the difference between that amount and the amount of the taxes; and that the recital in the receipt that the money was on account of the contract was a mistake. It is shown that on the next day the plaintiff went and paid his own taxes and the defendant's, the latter amounting to $312, and on the Saturday succeeding the defendant came and got the tax receipt. The plaintiff is corroborated by his clerk. The defendant admits that he went to plaintiff's house on the evening of November 6th, but testified that nobody was there but himself and the plaintiff, whom he requested to pay his taxes; that he gave plaintiff $300 on account of the contract, and took his receipt, and about two weeks afterwards paid him the exact amount of the taxes, $312, for which plaintiff likewise gave him a receipt. This receipt, however, when produced bore date December 7th. The plaintiff's explanation of this is that the defendant wanted a receipt for everything, and at his request he gave him one for taxes. There is nothing to show (beyond defendant's statement) that on December 7th, or at any other time, the defendant paid plaintiff the sum of $312; and a point to be noted is that the plaintiff presented and demanded payment of a bill showing a balance, which was not disputed, and yet was erroneous to the extent of $300 if the defendant's contention is right as to the payment of two separate sums, one of $300 and one of $312. We think the referee was right in concluding, upon the evidence, that the $300 received by plaintiff on November 6, 1885, was to be, and was, used to pay defendant's taxes, and that the receipt stating that it was on account of the contract was a mistake.

The remaining item of $189.69 the defendant claims he was obliged to expend for repairs to the plastering, due to plaintiff's bad workmanship. There was evidence tending to show that there were some cracks in the walls and ceilings, but it is proven that these were in no degree extraordinary, witnesses being produced whose testimony tended to prove that it was impossible to build a house without more or less cracking of the walls and ceilings, even when the work is done in a good and workmanlike manner, and that this particular work was so done; that it is a common, if not the usual, experience, in all newly-built houses, to find some cracks in the ceilings, which are not attributable to bad workmanship of the plasterer, but are due to the settling of the house, or, at times, to the manner in which the foundation is laid, the cellar dug, or the timbers laid or fastened. In this case, it appears that the defendant did the excavating himself. As stated with regard to the other items, this was one of fact, upon disputed evidence, and we think no sufficient reason has been shown why the findings of fact or the conclusions reached by the referee on sufficient evidence should be disturbed.

The judgment should therefore be affirmed, with costs. All concur.